# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ROSA VILLAPANDO-VELASQUEZ, <br><br> Petitioner, <br><br> v. <br><br> DIRECTOR, DEPARTMENT OF HOMELAND SECURITY, <br><br> Respondent. | NO. C09-604-MJP-JPD <br><br><br> REPORT AND RECOMMENDATION |

## I. INRODUCTION AND SUMMARY CONCLUSION

On May 1, 2009, petitioner Rosa Villapando-Velasquez, proceeding through counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, which challenges her custody by the U.S. Immigration and Customs Enforcement ("ICE"). Dkt. No. 1. Petitioner alleges that "the Government seeks to sua sponte change the Immigration Judge's initial grant of voluntary departure, entered by the IJ's order of May 7, 1998 . . . to an order of deportation/removal to Mexico when the IJ's order does not provide for such change." Dkt. No. 10 at 2. Respondent has filed a motion to dismiss, arguing that petitioner's voluntary departure order automatically converted to an order of removal after she failed to voluntarily depart the United States by September 7, 1998. Dkt. No. 8.

For the reasons set forth below, the Court recommends that petitioner's habeas petition be DENIED and respondent's motion to dismiss be GRANTED.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico who entered the United States without inspection on May 20, 1994. Administrative Record ("AR") at L12, R44.

On March 2, 1998, the former Immigration and Naturalization Service[1] ("INS") commenced removal proceedings against petitioner, charging her with being subject to removal from the United States under Section 212(a)(6)(A)(i) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. AR at L12. On May 7, 1998, petitioner appeared, with counsel, for removal proceedings before an Immigration Judge ("IJ"). AR at L6, L13-15. The IJ granted petitioner voluntary departure in lieu of removal on or before September 7, 1998. AR at L13-15. The IJ also issued a notice, warning petitioner of the consequences of failing to voluntarily depart the United States. AR at L13. Petitioner did not voluntarily depart the United States.

On February 19, 2009, petitioner was arrested at the Yakima, Washington ICE office, for removal to Mexico. AR at R43. Petitioner was released under an order of supervision, and is currently not detained. AR at R53.

---

[1] On March 1, 2003, the Immigration and Naturalization Service ("INS") was dissolved as an independent agency within the Department of Justice and its functions were transferred to the Department of Homeland Security ("DHS"). Homeland Security Act of 2002, Pub. L. No. 107-296, § 471, 116 Stat. 2135, 2205.

REPORT AND RECOMMENDATION - 2

## III. DISCUSSION

Petitioner claims that the IJ's May 7, 1998, voluntary departure order did not convert to an order of removal upon expiration of the voluntary departure period, and therefore, the government has no authority to remove her from the United States. Dkt. No. 1. Respondent responds that petitioner's argument is without merit and that her challenge to her underlying removal is barred by the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005). Dkt. No. 8. The Court agrees with respondent.

The Immigration Judge's order stated:

> Upon the basis of respondent's admissions, I have determined that the [petitioner] is subject to removal on the charge(s) in the Notice to Appear. The [petitioner] has made application solely for voluntary departure in lieu of removal.
>
> It is HEREBY ORDERED that the [petitioner] be GRANTED voluntary departure in lieu of removal, without expense to the Government on or before [handwritten] *Sept. 7, 1998* or any extension as may be granted by the District Director, Immigration and Naturalization Service, and under whatever conditions the District Director may direct.
>
> . . .
>
> It is FURTHER ORDERED that if any of the above ordered conditions are not met as required, the above order shall be withdrawn without further notice or proceedings and the following shall thereupon become immediately effective: [petitioner] shall be removed to [handwritten] *Mexico* on the charge(s) in the Notice to Appear.
>
> It is further ORDERED that if respondent fails to depart as required, the above order shall be withdrawn without further notice or proceedings and the following shall thereupon become immediately effective: [petitioner] shall be removed to [handwritten] *– 0 –* on the charge(s) in the Notice to Appear.

AR at L14-15.

Despite the clarity of the IJ's Order and petitioner's undisputed failure to voluntarily depart, petitioner asserts that because the IJ filled in the word "Mexico" in the first blank, but not the second blank, and did not impose any other conditions upon petitioner (such as a voluntary

REPORT AND RECOMMENDATION - 3

departure bond), "the IJ's order of voluntary departure could not have been changed to an order of removal/deportation based upon petitioner not meeting non-existent conditions." Dkt. No. 10 at 2. According to petitioner, "there is no authority for which the government can base its deportation/removal of petitioner to Mexico, because the IJ's order does not provide for such deportation/removal to Mexico." Dkt. No. 10 at 3.

Petitioner's argument is nonsensical and inconsistent with the IJ's authority to grant voluntary departure under the voluntary departure statute and its implementing regulations. Under INA § 240B, "[t]he Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense . . . in lieu of being subject to [deportation or removal proceedings] or prior to the completion of such proceedings." 8 U.S.C. §1229(c). "Voluntary departure is the result of an agreed upon exchange of benefits between an alien and the government." *Banda-Ortiz v. Gonzales*, 445 F.3d 387, 389 (5th Cir. 2006); *see also Zaxueta-Carrillo v. Ashcroft*, 322 F.3d 1166, 1173 (9th Cir. 2003)(stating that "[t]he purpose of voluntary departure is . . . to encourage the alien to depart without further ado."). Voluntary departure is not granted "'unless the alien requests [it] and agrees to its terms and conditions.'" *Banda-Ortiz*, 445 F.3d at 389 (quoting 8 C.F.R. § 240.25(c)); *see also Medalla v. I.N.S*, 46 F.2d 1143, (9th Cir. 1995)(stating that "[v]oluntary departure is a privilege, not a right."). "By requesting voluntary departure, an alien represents that he has the intent to leave the country within the specified time period." *Id.*; *see also Medina-Morales v. Ashcroft*, 371 F.3d 520, 530 (9th Cir. 2005)(stating that under a voluntary departure agreement, "[t]he government affords the alien a more convenient means of leaving the country, and, in exchange, the alien assures the government that he will not further press his right to remain.").

REPORT AND RECOMMENDATION - 4

An Immigration Judge may not grant voluntary departure for an indefinite period of time. *See Azarte v. Ashcroft*, 394 F.3d 1278, 1285 (9th Cir. 2005) (stating that "IIRIRA drastically limited the time allowed for voluntary departure . . . [a]liens can now be granted a maximum of 120 days, if voluntary departure is granted before the conclusion of the proceedings before an immigration judge, and 60 days, if granted when the immigration judge enters his order.")(citing INA § 240B). Rather, an immigration judge must determine what is a reasonable amount of time necessary to allow the alien to depart the United States. *See* INA § 240B; *see also Matter of Ocampo-Ocampo*, 13 I&N Dec. 707 (BIA 1971). "The grant of voluntary departure must provide for a definite period of time within which to depart and be coupled with an alternate order of deportation in the event [the petitioner] does not depart within that time." *Matter of Chamizo*, 13 I&N Dec. 435 (BIA 1969)(stating that "the granting of voluntary departure without an alternate order of deportation leaves the proceedings incomplete and unresolved.").

If an alien remains in the United States past the voluntary departure date, he or she faces mandatory sanctions. To ensure that an alien abides by his or her obligation to voluntarily depart, INA § 240B(d) provides: "If an alien is permitted to depart voluntarily . . . and voluntarily fails to depart the United States within the time period specified, the alien . . . shall be subject to a civil [monetary] penalty . . . and be ineligible for a period of 10 years for any further relief under this section" and other sections of the INA. 8 U.S.C. § 1229c(d).

In the present case, petitioner requested voluntary departure and thus represented to the IJ that she intended to leave the United States within the specified time period. See, e.g., *Medina-Morales*, 371 F.3d at 530. Although the IJ found that petitioner was subject to removal on the charges contained in the Notice to Appear, the IJ granted petitioner voluntary departure in lieu of removal on or before September 7, 1998. AR at L14-15. The IJ's order specifically advised

petitioner of the penalties for voluntarily failing to depart the United States. AR at 13-14. Despite having agreed to leave the country on or before the expiration date of the voluntary departure order, petitioner failed to voluntarily depart. Because petitioner did not abide by the terms of the voluntary departure order, the IJ's order permitting voluntary departure automatically converted to an order of removal due to her failure to depart during the voluntary departure period. The IJ's order expressly advised that "if any of the above ordered conditions are not met as required, the above order shall be withdrawn without further notice or proceedings and the following shall thereupon become immediately effective: [petitioner] shall be removed to *Mexico* on the charge(s) in the Notice to Appear." AR at L15.

For these reasons, the Court finds that the IJ's May 7, 1998, order permitting petitioner to voluntarily depart from the United States automatically converted to an order of removal pursuant to INA § 240B. Accordingly, petitioner's claim for habeas relief must be denied.[2]

### IV. CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's habeas petition be DENIED, that respondent's motion to dismiss be GRANTED, and that this matter be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 18th day of August, 2009.

    /s/ James P. Donohue
JAMES P. DONOHUE
United States Magistrate Judge

---

[2] To the extent that petitioner also seeks "an order invalidating the Government's attempts to remove her from the United States," Dkt. No. 12 at 2, such claims are barred by the REAL ID Act, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005). Because "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute removal orders," INA § 242(g), 8 U.S.C. § 1252(g), the Court lacks jurisdiction to consider her claim.